IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE D. RODDY,<br>    Plaintiff | : | Civil Action No. 1:06-CV-1279 |
| v. | : | (Chief Judge Kane) |
| DONALD C. WINTER, Secretary of the<br>Department of the Navy,<br>    Defendant | : | |

## MEMORANDUM

Before the Court is Defendant's motion for reconsideration (Doc. No. 40) of this Court's March 31, 2008, order (Doc. No. 39). In that order, the Court granted Defendant's motion for summary judgment in part and denied it in part. In particular, the Court granted summary judgment in Defendant's favor on Plaintiff's claims of sex, age, and disability discrimination, but denied Defendant's motion for summary judgment on Plaintiff's claim of retaliation.

The purpose of a properly filed motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). To prevail on a motion for reconsideration, the moving party must identify either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 678 (3d Cir. 1999).

In the order, the Court found at the summary judgment stage that Plaintiff had sustained her burden of showing a *prima facie* case of retaliation, after drawing all reasonable inferences in her favor. The Court found that Plaintiff had demonstrated a genuine issue of material fact on the issue of whether Defendant's termination of Plaintiff's employment was retaliation for her

filing of a formal EEO complaint.  Specifically, the Court found that, when the temporal proximity of the two events—her supervisor recommended termination in the same week that she filed an EEO complaint—was "coupled with the overall circumstances—including the facts that [Plaintiff's supervisor] was well aware of the EEO process, that he had failed to formally discipline her in the past, and that [she] perceived differences in the treatment of her and her male counterparts—a reasonable juror could conclude that Roddy's initiation of the EEO process prompted Wolf to seek Roddy's termination." (Doc. No. 39, at 21.)  Defendant now argues that the Court failed to consider whether Plaintiff could also meet her burden to rebut the legitimate non-retaliatory justification for her termination.

Though the Court did conclude that Roddy did not sustain her burden to show pretext on her claim of sex discrimination, the Court finds that Plaintiff sustained her burden to show pretext on her claim of retaliation.  As the Third Circuit has counseled, "it is important to remember that the prima facie case and pretext inquiries often overlap. . . . [E]vidence supporting the prima facie case is often helpful in the pretext stage, and nothing about the McDonnell Douglas formula requires us to ration the evidence between one stage or the other." Doe v. C.A.R.S. Prot. Plus, 527 F.3d 358, 370 (3d Cir. 2007).  Here, the evidence marshaled by Plaintiff to show a *prima facie* case is equally applicable to show pretext.  Plaintiff's supervisor recommended termination in the same week that she filed formal EEO proceedings, he was well aware of that process, and he failed to formally discipline her in the past.  Thus, Plaintiff had "identif[ied] evidence that would allow a reasonable factfinder to 'believe that [retaliation] was more likely than not a motivating or determinative cause of the adverse employment action.'" Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994).  Unlike her claim of sex discrimination,

where Plaintiff presented "*no* meaningful objective evidence that would satisfy her burden to show pretext," (Doc. No. 39, at 15), Plaintiff has shown that the temporal proximity coupled with her supervisor's words and actions are enough for a reasonable factfinder to disbelieve the proffered justification for termination, and to conclude that retaliation was more likely than not the motivating or determinative cause of termination.

Accordingly, Defendant's motion for reconsideration will be denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CONNIE D. RODDY, | : | |
| Plaintiff | : | Civil Action No. 1:06-CV-1279 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| DONALD C. WINTER, Secretary of the | : | |
| Department of the Navy, | : | |
| Defendant | : | |

## ORDER

**AND NOW**, on this 18th day of September 2008, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** Defendant's motion for reconsideration (Doc. No. 40) is **DENIED**.  **IT IS FURTHER ORDERED THAT** the following deadlines shall apply:

| | |
|---|---|
| Local Rule 16.3 - Attorney Conference and Exchange of Proposed Jury Instructions: On or before: | **November 20, 2008** |
| Motions In Limine Due: | **November 26, 2008** |
| Pretrial Memoranda Due: | **December 2, 2008** |
| *Proposed Jury Charge, Proposed Voir Dire Questions and Objections to Proposed Jury Charge: | **December 2, 2008** |
| Pretrial and Settlement Conference: | **December 17, 2008 - 2:00 pm** |
| Trial Brief Due: | **December 31, 2008** |
| Jury Selection and Trial: | **January 5, 2009** |

   S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

*The parties are directed to review the model jury charge regarding the claims in question at www.ca3.uscourts.gov . Counsel shall submit proposed jury instructions only to the extent that they differ from those found at www.ca3.uscourts.gov.